FILED
2011 Sep-26 PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re:  THOMAS A. HACKNEY, )<br>)<br>Debtor. )<br>) | Bankruptcy No. 07-40952-JRR-11<br>AP No. 09-40125-JRR |
| THOMAS A. HACKNEY, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>LEIGH M. HACKNEY, )<br>)<br>Appellee. ) | CIVIL ACTION NO. 10-G-1971-E |

## MEMORANDUM OPINION

This cause is before the court on appeal from a decision by Judge James J. Robinson of the United States Bankruptcy Court for the Northern District of Alabama, to dismiss an adversary proceeding based on discretionary or permissive abstention under 28 U.S.C. § 1334(c)(1), and an order denying a motion to reconsider. The court has jurisdiction pursuant to 28 U.S.C. § 158.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996). Additionally, the district court



reviews a bankruptcy court's decision to abstain under 28 U.S.C. § 1334(c)(1) for abuse of discretion[1].

## DISCUSSION

The appellant, Thomas A. Hackney, ("Appellant," or "Debtor") and the appellee, Leigh M. Hackney, ("Appellee") were divorced on April 20, 2000. The Final Judgment of Divorce awarded certain real property in Tallageda County, referred to in general as the "Blue Springs Property," to the Appellee. Appellant initially refused to execute the deed to Appellee and contested the matter in state court, and after a trial on the contest, executed a deed conveying some 220 acres to Appellee.

The Debtors then appealed to the Alabama Court of Civil Appeals, which affirmed the Circuit Court. The parties continued litigation in the divorce court. Appellant also filed a Chapter 11 bankruptcy case before Judge Tamara Mitchell, which involved an adversary proceeding which involved in part the Blue Springs Property. That adversary proceeding was resolved through mediation, and the Debtor's original Chapter 11 case was dismissed.

The Debtor has filed a subsequent Chapter 11 bankruptcy case, which is the current one pending before Judge Robinson. The Debtor's plan of reorganization was

---

[1] 28 U.S.C. § 1334 (c)(1) provides ". . . nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Moreover, any decision to abstain or not to abstain made under subsection c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals . . . ." 28 U.S.C. § 1334(d). Also, 11 U.S.C. § 305(c) provides that an order granting or denying abstention is not reviewable by the court of appeals.

confirmed by the bankruptcy court.  Not long after the plan was confirmed, the Debtor filed the current adversary proceeding seeking to determine the Debtor's right, title and interest in property of the estate.  This lawsuit seeks for the bankruptcy court to determine that the deed transferring the Blue Springs Property to Appellee, which also conveyed property he now calls the "Beddows Farm" and "Smith Farm," was executed by mistake, and to reform the deed to exclude the Beddows Farm and Smith Farm from the property transferred to Appellee 10 years ago.

>   Appellee filed a Motion to Dismiss, in which she stated:

> Throughout the litigation between the parties that has extended in excess of ten (10) years through numerous Courts and Appellate Courts, **Mr. Hackney** has never taken the position that he owned the property that is the subject of this present lawsuit.  **Ms. Hackney** has at all times, since she received a deed, had the property assessed in her name, paid the taxes, and has exercised exclusive authority over the property in its entirety with the exception of the portion of it amounting to approximately twenty-seven (27) acres on which the First National Bank of Talladega had a lien.

[Appellee's Motion to Dismiss](emphasis supplied).  The Appellee also filed a Motion for Relief from Stay with the bankruptcy court.

>   After a hearing on these motions, Judge Robinson entered an order, which states in part:

> In essence, the Complaint (AP Doc. 1) in the above adversary proceeding asks this Bankruptcy Court to declare that a deed made on July 17, 2001 by the Plaintiff/Debtor to the Defendant, his former wife, pursuant to a final judgment of divorce, was erroneous because it included excess property not required to be conveyed by such judgment, and further asks that this Court reform such deed.  Inasmuch as the issues raised in the Complaint require an interpretation of orders entered by the Circuit Court [for] Jefferson

County, Alabama in connection with the parties divorce and division of property, and a deed executed pursuant to such orders, this Court determines that in the interest of comity with the Circuit Court, and pursuant to 28 U.S.C. § 1334(c)(1), it will abstain from hearing the issues raised in the Complaint; and in furtherance thereof, and in accordance with the findings of fact and conclusions of law stated on the record, it is hereby ORDERED, ADJUDGED and DECREED as follows:

(1)    The Motion to Dismiss (AP Doc. 3) is GRANTED and the above adversary proceeding is DISMISSED without prejudice to the Plaintiff's right to again assert the issues raised in the Complaint (AP Doc. 1) in the Circuit Court [for] Jefferson County, Alabama; and

(2)    The Motion for Relief From Stay (BK Doc. 757) is GRANTED to the extent necessary for the Plaintiff and Defendant to adjudicate in the Circuit Court the issues raised in said Complaint; provided, however, the foregoing shall not permit the parties from further litigating the issues adjudicated by this Court in the parties' prior adversary proceeding (07-40080-JRR) as evidenced by the Memorandum Opinion and Order entered on October 10, 2008 in such prior adversary proceeding.

[Appeal File Item No. 1]. At the hearing on the Motion to Dismiss and Motion for Relief from Stay, Judge Robinson made the following findings:

> This is going to be my ruling:
>
> I agree with Mr. Stuckenschneider's argument that this deed can best be construed by the court and the judge that ordered that it be signed.
>
> *     *     *
>
> I don't just think, I know that whatever the court's intent was in requiring that deed to be signed and whatever the Blue Springs property includes is best determined by Judge Ferguson or whatever the domestic relations court is back in Jefferson County.  This court is neither an appellate court for the domestic relations court, and I guess I try to avoid putting myself in the position of being an appellate court in that previous opinion by saying, you know, Judge Ferguson ruled the way he did and, for better or for worse – I

> guess it depends on which side you are on – but that from a bankruptcy standpoint, I ruled that that debt was dischargeable in bankruptcy, whether it is this one or a subsequent or whenever it may be but, beyond that, I cannot overrule Judge Ferguson.
>
> \*      \*      \*
>
> But, nonetheless, that issue as to what was included or not included in the property settlement or in the court decree is best decided by the Jefferson County Circuit Court in domestic relations. So I am going to abstain, if you will, from hearing this.
>
> \*      \*      \*
>
> But I am going to abstain, which will have the effect of granting the motion to dismiss. So that if this matter is going to be pursued by the debtor, then he will have to pursue it in another forum and namely the – I would assume it would be the Jefferson County District Court – I mean Circuit Court, excuse me. I guess there are other courts that you may have jurisdiction. I don't know, Talladega, since it is located in Talladega County, whether you could file it down there. I will leave that with counsel, but I think it is best decided by a court other than this court and especially – and I underline especially – because it is primarily a domestic relations matter and, to some extent, I have to look at a domestic relations matter to be able to rule on issues that are before me but not in this case.
>
>> And I will also add that the ownership of this property is not – I don't see it having an impact on the ability of Mr. Hackney to perform under this plan.

[Appeal File Item No. 10, Transcript of hearing held on 3/19/10].

Judge Robinson clarified himself further in his Order Denying Motion to Reconsider:

> The Plaintiff argues that because he proposed to use certain property to partially fund his confirmed chapter 11 plan this Court should determine if he, in fact, owns that property. The Plaintiff fails to mention that he conveyed the subject property to the Defendant, his former wife,

5

almost nine years ago pursuant to a judgment of divorce entered approximately ten years ago by the Circuit Court [for] Jefferson County, Alabama.  The Plaintiff claims the conveyance included more property than that required by the Circuit Court when it ordered a division of the parties' property in the divorce proceedings.  The Plaintiff wants this Bankruptcy Court to examine the judgment of divorce and determine that the deed does not reflect the correct division of property as required by the Circuit Court, and for this Court to order a reformation of the deed.  The Circuit Court originally ordered a division of the parties' property and that Court remains best situated to decipher its own orders.  A reformation of the deed will require that the division of property in the parties' divorce proceedings be revisited, something best left to the Circuit Court.  The Circuit Court is acquainted with the parties' domestic issues, including the ten-year history of the division of their property that this Bankruptcy Court lacks.

   The Order confirming the Plaintiff's chapter 11 plan (BK Doc. 695) stated in paragraph 5:

> That there is a dispute between the Debtor and Leah [sic] Hackney as to the transfer of the Blue Springs property and as to the rights of certain real estate commonly referred to as the "Beddows Farm" based upon said transfer and that confirmation of this Plan is without prejudice to either parties' rights to the real estate that [sic] subject matter of said dispute and that the Court reserves jurisdiction to decide said dispute.

If the above paragraph is interpreted to mean that this Bankruptcy Court would retain jurisdiction in this case to reform deeds executed almost nine years ago pursuant to a state court divorce decree entered ten years ago, then this Court at least abused its discretion even if [it] did not overstep the limits of its jurisdiction.

   For years, these parties have been embroiled in divorce and property settlement litigation in actions filed in Jefferson County and Talladega County Circuit Courts, with appeals to the Alabama Court of Civil Appeals and the Alabama Supreme Court.  The Plaintiff filed two chapter 11 bankruptcy cases, the first in the Southern Division of this Court (voluntarily dismissed), followed by this case filed in the Eastern Division.  Both bankruptcy cases appear to have been filed, in large part, as defensive measures by the Plaintiff to avoid or at least delay compliance with the

property settlement ordered by the Circuit Court. The parties' domestic hostilities were the basis for an adversary proceeding in the first bankruptcy case and two adversary proceedings in the present bankruptcy case. If that divorce litigation – albeit thinly veiled behind bankruptcy issues – is going to continue, it will not be in this Court. It began in the Jefferson County Circuit Court, and that is where it belongs.

[Appeal File Item No. 1].

## CONCLUSION

The Bankruptcy Court did not abuse its discretion in dismissing the adversary proceeding. Accordingly, the orders of the bankruptcy court dismissing adversary proceeding numbered 09-40125 and denying the motion to reconsider are hereby AFFIRMED. An Order in conformity with this Memorandum Opinion will be entered.

DONE and ORDERED 26 September 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.